IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3162-FL

| | | |
|---|---|---|
| JAVIS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARY LOCKLEAR, LT. ODOM, | ) | |
| CORRECTIONAL OFFICER | ) | |
| LOCKLEAR, CORRECTIONAL | ) | |
| OFFICER BARNES, and | ) | |
| CORRECTIONAL OFFICER | ) | |
| STEWART, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on May 13, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motion to appoint counsel (DE 8).

**COURT'S DISCUSSION**

A.  Motion to Appoint Counsel

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v.

U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

B.  Initial Review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges that defendant correctional officer Barnes sexually assaulted him by

rubbing her breasts and buttocks against plaintiff while they were working in the kitchen. In general, sexual assaults of prisoners violate the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."). To be actionable, the alleged sexual contact must be incompatible with "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993).

The plaintiff, additionally, must allege facts beyond merely his "own perceptions" to demonstrate "that the unwanted sexual touching had some sexual aspect to it." May v. Solomon, No. 5:14-CT-3318-FL, 2015 WL 2190880, at *2–3 (E.D.N.C. May 11, 2015), aff'd, 615 F. App'x 828 (4th Cir. 2015); Wolf v. Cooper, No. 8:08–CV–869, 2009 WL 2929438, at *3 (D.S.C. Sept.2, 2009); see also Berryhill v. Schriro, 137 F.3d 1073, 1076–77 (8th Cir.1998) (concluding that civilian maintenance worker's brief touch to inmate's buttocks and not accompanied by any sexual comments or banter was not actionable as a sexual assault claim under § 1983); Hughes v. Smith, 237 F. App'x 756, 759 (3d Cir. 2007) (holding no Eighth Amendment violation arising from allegation that correctional officer, who had previously made sexual comments to the plaintiff inmate, allegedly touched plaintiff's testicles through his clothing during a single pat-down frisk); Jackson v. Madery, 158 F. App'x 656, 661–62 (6th Cir. 2005) (concluding allegation of rubbing and grabbing of inmate's buttocks in a degrading manner did not amount to an Eighth Amendment violation), overruled on other grounds by Maben v. Thelen, 887 F.3d 252 (6th Cir. 2018); Ellis v. Elder, No. 7:08-cv-00642, 2009 WL 275316, at *3 (W.D. Va. Feb.4, 2009) ("In stating such a claim, however, the inmate must allege facts on which he could prove that the unwanted touching had some sexual aspect to it; his own perceptions alone that the contact was of a sexual nature are

not sufficient.").

Moreover, isolated incidents of inappropriate touching in the prison context generally do not rise to the level of sufficiently serious conduct to violate the Eighth Amendment. See Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir.1997) ("[I]solated episodes of harassment and touching ... are despicable ... But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court."); May, 2015 WL 2190880, at *3; cf. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action.")

Here, plaintiff alleges that defendant Barnes "brush[ed] up against" him with her breasts and buttocks on several occasions while they were working together in the kitchen. (Compl. (DE 1) ¶ V). These actions do not standing alone amount to an Eighth Amendment violation. See Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016) (holding that allegations that defendant sent one sexually explicit and lurid letter to plaintiff, posed seductively before him and whispered sexually explicit words to him, and planted her groin area in plaintiff's face while he was seated were insufficient to state an Eighth Amendment claim); Boddie, 105 F.3d at 861 (concluding that defendant briefly pressing her body against plaintiff while they were fully clothed did not amount to an Eighth Amendment violation). Plaintiff also does not allege facts beyond his own perception of the incidents establishing that the contact, which occurred in an open kitchen with other inmates present, had a sexual aspect to it. See May, 2015 WL 2190880, at *2. Accordingly, plaintiff has failed to allege a constitutional violation against defendant Barnes. And because the underlying conduct did not violate plaintiff's constitutional rights, his claims for supervisory liability also are without merit. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

4

## CONCLUSION

Based on the foregoing, plaintiff's motion to appoint counsel (DE 8) is DENIED and the complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of November, 2022.

LOUISE W. FLANAGAN
United States District Judge

5

Case 5:22-ct-03162-FL   Document 11   Filed 11/30/22   Page 5 of 5